UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division
Office of the Clerk

FILED BY JPW D.C.

05 JUN -7 PM 12: 39

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

Robert R. Di Trolio, Clerk
242 Federal Building
167 N. Main Street
Memphis, Tennessee 38103
(901) 495-1200

Deputy-in-Charge
U.S. Courthouse, Room 262
111 South Highland Avenue
Jackson, Tennessee 38301
(731) 421-9200

## NOTICE OF SETTING
Before Judge S. Thomas Anderson, United States Magistrate Judge

June 7, 2005

RE:   2:05cv2301-Ml/A
      Gator Freightways, Inc. v. Doro Motors, Inc.

Dear Sir/Madam:

A SCHEDULING CONFERENCE pursuant to Rule 16(b) of the Federal Rules of Civil Procedure has been SET on **WEDNESDAY, JULY 27, 2005 at 10:00 A.M.** in the Magistrate's Chambers, Room 934, on the 9th floor of the Federal Building, Memphis, Tennessee, before Magistrate Judge S. Thomas Anderson. Please see attached Instructions and Model Scheduling Order.

Please submit a joint proposed Scheduling Order prepared according to the attached Model Scheduling Order (with no deletions or additions without prior approval from the Court) to Judge Anderson's chambers by **MONDAY, JULY 18, 2005.**

*If the proposed Scheduling Order is approved, it will be entered, a copy will be sent to you and you will not be required to attend the Scheduling Conference. If the proposed Scheduling Order is not timely submitted or is not approved, the Scheduling Conference may be re-set and you may be required to appear in person.*

If you have any questions, please contact Phyllis Holmes, Secretary to Magistrate Judge S. Thomas Anderson at 731-421-9273.

Sincerely,

Joseph P. Warren, Case Manager

Attachment

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

```
***,                        )
                            )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )   NO.:
                            )
***,                        )
                            )
                            )
        Defendant.          )
```

## RULE 16(b) SCHEDULING ORDER

Pursuant to the scheduling conference set by written notice, the following dates are established as the final dates for:

### INITIAL DISCLOSURES (RULE 26(a)(1)):
No later than 14 days after the date set for the Scheduling Conference unless a later date is authorized by the Court due to special circumstances.

### JOINING PARTIES:

    for Plaintiff:    Within 2 months after scheduling conference
    for Defendant:    Within 3 months after scheduling conference

### AMENDING PLEADINGS:

    for Plaintiff:    Within 2 months after scheduling conference
    for Defendant:    Within 3 months after scheduling conference

### COMPLETING ALL DISCOVERY: Within 6 to 8 months after scheduling conference

    (a)    **REQUESTS FOR PRODUCTION, INTERROGATORIES and REQUESTS FOR ADMISSIONS:** Within 6 to 8 months after scheduling conference

    (b)    **EXPERT DISCLOSURE (Rule 26(a)(2)):**
    (i) Plaintiff's Experts:   No later than 2 months before close of discovery
    (ii) Defendant's Experts: No later than 1 month before close of discovery
    (iii) Supplementation under Rule 26(e): 10 days after Defendant's disclosure

    (c)    **DEPOSITIONS OF EXPERTS:**   Same as discovery deadline unless a later date is authorized by the Court due to special circumstances

**FILING DISPOSITIVE MOTIONS:**   Within 1 month after close of discovery

**FINAL LISTS OF WITNESSES AND EXHIBITS (Rule 26(a)(3)):**

    (a)    for Plaintiff:   45 days before trial
    (b)    for Defendant: 30 days before trial

Parties shall have __10__ days after service of final lists of witnesses and exhibits to file objections under Rule 26(a)(3).

The trial of this matter is expected to last _____ days. The presiding judge will set this matter for **NON-JURY/JURY TRIAL**. In the event the parties are unable to agree on a joint pretrial order, the parties must notify the court at least ten days before trial.

**OTHER RELEVANT MATTERS:**

Interrogatories, Requests for Production and Requests for Admissions must be submitted to the opposing party in sufficient time for the opposing party to respond by the deadline for completion of discovery. For example, if the FRCP allow 30 days for a party to respond, then the discovery must be submitted at least 30 days prior to the deadline for completion of discovery.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or service of the response, answer, or objection which is the subject of the motion if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or any objection to the default, response, or answer shall be waived.

The parties are reminded that pursuant to Local Rule 7(a)(1)(A) and (a)(1)(B), all motions, except motions pursuant to FRCP 12, 56, 59, and 60, shall be accompanied by a proposed Order and a Certificate of Consultation.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

The parties may consent to trial before the Magistrate Judge. The Magistrate Judge can normally provide the parties with a definite trial date that will not be continued unless a continuance is agreed to by all parties, or an emergency arises which precludes the matter from proceeding to trial.

*The parties are encouraged to engage in court-annexed attorney mediation or private mediation <u>on or before the close of discovery.</u>*

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

**IT IS SO ORDERED.**

 

 

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date:_____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
## Office of the Clerk

## INSTRUCTIONS CONCERNING RULE 16(b) SCHEDULING CONFERENCE

i. DUTY TO NOTIFY

Since this Scheduling Conference may be set before the Defendant[s] has been served or has appeared in the case, counsel for the Plaintiff is responsible for notification of Defendant[s] or Defendant[s]' counsel of the setting of the first Rule 16(b) Conference. If Plaintiff's counsel is unable to notify the Defendant[s] or defendant[s]' counsel, then Plaintiff's counsel shall, at least two (2) working days prior to the scheduled Rule 16(b) Conference, so notify the Court.

ii. DUTY TO CONFER

Prior to the Scheduling Conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions.

iii. ATTENDANCE

**If a Scheduling Order is entered by the Court prior to the date set for the Scheduling Conference, you will not be required to attend the Scheduling Conference.**

However, if a proposed Scheduling Order is not timely submitted or is not approved by the Court, the Scheduling Conference will be re-set and unrepresented parties and lead trial counsel for each represented party will be required to appear in person.

(Note: Out-of-town counsel may request permission from the Magistrate Judge to handle the conference by telephone, provided the request is made within seven (7) days of the date of this letter. The request must be made in writing and must include names and telephone numbers of all parties. Any conference call for the Scheduling Conference must be initiated by the office of counsel who is not personally appearing.) Failure to appear may result in the imposition of sanctions. See ¶ VIII.

iv.   INITIAL DISCLOSURE

FED. R. CIV. P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with FED. R.CIV. P. 26(f), the parties shall, at least 14 days prior to the Rule 16(b) Scheduling Conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. The parties shall file a written report outlining the proposed discovery plan at least 10 days prior to the first conference. Counsel should refer to the Model Scheduling Order attached hereto or may refer to Form 35, Appendix of Forms to FED. R. CIV. P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, within 10 days of the 26(f) meeting, the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests. Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f). Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with FED. R. CIV. P. 33, and the number of depositions will be limited to 10 in accordance with FED. R. CIV. P. 30.

v.   REQUEST FOR EXEMPTION FROM RULE 26

Counsel or parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure, must adhere to the following procedure in making the request. Requests are to be made by motion in writing in compliance with local rules of this court. Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least 10 days before the date disclosure is required by the rule. Requests for exemption from the Rule 26(f) meeting requirements must be made at least 7 days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least 21 days before the date of the Scheduling Conference.

vi.   SUBJECTS AT CONFERENCE

Generally, at the Scheduling Conference, the following subjects will be addressed:

(a)   The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

(b)   Jurisdictional and statute of limitations issues (all jurisdictional questions of timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the Scheduling Conference that there are preliminary matters which require early disposition);[2]

(c)   Setting of all deadlines for filing preliminary motions, the establishment of all

---

[1] Except for parties in pro se prisoner litigation.

[2] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) Scheduling Conference.

deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment), joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines. The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than 18 months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting;

(d) The desire of the parties to consent to all further proceedings in the case being handled by the Magistrate Judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

(e) The possibility of settlement, your position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the court-annexed mediation program plan or private mediation;

(f) Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas duces tecum to third parties);

(g) Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

(h) Estimated trial time, and any special issues anticipated in connection with trial; and

(i) Any pending motions or motions which may be raised orally at the conference.

VII. ORDER TO BE ENTERED

An Order will be entered reflecting the results of the Scheduling Conference. The Order will include deadlines for filing motions and completing discovery. The District Judge assigned to the case will notify unrepresented parties or counsel of the date for the joint pretrial order, the pretrial conference, if any, and the trial date. Attached as Exhibit "A" to this notice is a Model Rule 16(b) Scheduling Order which counsel may use as a proposed order after developing appropriate agreed-upon deadlines.

VIII. SANCTIONS FOR FAILURE TO APPEAR IF A PROPOSED SCHEDULING ORDER IS NOT ENTERED AND THE SCHEDULING CONFERENCE IS RE-SET

Failure to appear when required, or to comply with the directions of the Court set forth herein, may result in an <u>ex parte</u> hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02301 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Kirk A. Caraway
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Thomas F. Barnett
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT