IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GATOR FREIGHTWAYS, INC. d/b/a R+L CARRIERS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 05-2301 Ml/An |
| DORO MOTORS, INC. ) ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Summary Judgment, filed December 14, 2005. A response to Plaintiff's motion was due on or before January 16, 2006. On February 24, 2006, the Court entered an Order to Show Cause why Plaintiff's motion for summary judgment should not be granted. Defendant's response was due on March 20, 2006. To date, Defendant has not filed a response.

The instant case arises out of Defendant's failure to pay Plaintiff for delivery services provided by Plaintiff. It is undisputed that Defendant agreed to pay for motor carrier services to be provided by Plaintiff and that Plaintiff provided those services to Defendant. Plaintiff contends that Defendant has failed to pay for all of the delivery services provided. In support of this claim, Plaintiff submitted an affidavit from its

Chief Financial Officer, stating that Defendant owes Plaintiff $101,906.29 in freight charges. Plaintiff also submitted documentation of these charges. (Aff. Mike Shroyer ¶ 2 and Ex. A.) In addition, Plaintiff submitted a copy of its Tariff, which states:

> Failure to make payment of freight charges to subject carriers for services performed as a common carrier by subject carriers, which subsequently results in legal action . . . taken against the debtor, will be subject to the following:
> . . . .
> 2. A penalty of 125% of the remaining freight bill amount due . . . .
> 3. [D]ebtor will be responsible for attorney fees and/or court costs associated with or as a result of any collection action.

(Id. at Ex. B, R+L Carriers Rules Tariff, Item 775.) Accordingly, Plaintiff contends that, in addition to the $101,906.29 in freight charges, Defendant owes Plaintiff $127,382.86, which constitutes a penalty of 125% of the unpaid freight charges, as well as $5,356.00 in attorney's fees and expenses. (Id. ¶ 3; Aff. Thomas F. Barnett ¶ 2.)

Plaintiff asserts four causes of action in its Complaint: (1) Action on Account; (2) Breach of Contract; (3) Unjust Enrichment; and (4) Violation of R+L's Rules Tariff. Plaintiff seeks a judgment against Defendant in the amount of $101,906.29 with pre- and post-judgment interest on Counts One, Two, and Three. Plaintiff also seeks a judgment in the amount of $127,382.86, plus attorney's fees and expenses, on Count Four.

In order to withstand a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under Tennessee law, "[t]he essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." ARC LifeMed, Inc. v. AMC-Tennessee, Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)(citing Custom Built Homes v. G.S. Hinsen Co., Inc., 1998 WL 960287 (Tenn. Ct. App. Feb.2, 1998) and Life Care Ctrs. of Am., Inc. v. Charles Town Assoc's. Ltd. P'ship, LPIMC, Inc., 79 F.3d 496, 514 (6th Cir.1996)). As noted above, the parties agree that they entered into an agreement and that Plaintiff provided services to Defendant. Plaintiff contends that Defendant failed to pay Plaintiff the agreed amount for the freight services Plaintiff provided. In support of its contentions, Plaintiff has submitted its customer statements which document the services it provided to Defendant, dates on

which those services were provided, the cost of those services, and the total outstanding balance. (Aff. Mike Shroyer Ex. A.) In its answer, Defendant states that "Defendant has paid for some of those services and is entitled to a credit for those payments." (Answer ¶ 5.) In addition, Defendant denies that Plaintiff demanded the freight charges from Defendant prior to filing the instant lawsuit. (Id. at ¶ 9.) However, Defendant has put forward no evidence in support of its contentions. Accordingly, Defendant has failed to show that there is a genuine issue for trial with regard to Count II, the breach of contract claim, and Plaintiff's Motion for Summary Judgment as to this claim is GRANTED. Because Plaintiff seeks the same remedy on Counts I and III—the action on account and unjust enrichment claims—the Court need not consider these counts.

Plaintiff also seeks summary judgment as to Count IV, Violation of R+L's Rules Tariff. As the Court finds that Defendant breached the contract, we hold Defendant liable for damages. Plaintiff has put forward evidence of its Tariff, which it alleges was agreed to by the parties. Defendant contends that "[p]rior to receiving this Complaint, Defendant had never seen Plaintiff's Rules Tariff and never agreed to be bound by its terms." (Answer ¶ 20.) However, Defendant has failed to respond to Plaintiff's motion, and Defendant's bare allegations, standing alone, are not sufficient to withstand a motion for summary

judgment.  Gregg v. Transp. Workers of Am. Int'l, 343 F.3d 833, 840 (6th Cir. 2003)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  Accordingly, Plaintiff's Motion for Summary Judgment as to Count IV is GRANTED.

The Court awards Plaintiff $101,906.29 in freight charges, with pre- and post-judgment interest, $127,382.86 as a penalty under R+L's Tariff, and $5,356.00 in attorney's fees and expenses.

So ORDERED this 2nd day of May, 2006.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE